United States District Court
Southern District of Texas
**ENTERED**
June 11, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **TIMUR BANDEEV**, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **1:26-cv-471** |
| | § | |
| **WARDEN**, in his/her official capacity, | § | |
| Port Isabel Detention Center, *et al.*, | § | |
| Respondents. | § | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

Before the Court is Petitioner Timur Bandeev's "Verified Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" (Bandeev's "§ 2241 Petition"). Dkt. No. 1. For the reasons discussed below, it is recommended that the Court: (1) **DISMISS WITHOUT PREJUDICE** Bandeev's § 2241 Petition; and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

## I.    FACTUAL AND PROCEDURAL BACKGROUND[1]

In January, 2024, Bandeev, a citizen of Russia, entered the United States. Dkt. No. 1 at 12. Immigration officers detained Bandeev and placed him in immigration proceedings before the Greenspoint Park Immigration Court in Houston, Texas. *Id.* On October 23, 2025, Bandeev was detained in McAllen, Texas; on October 27, 2025, he was transferred to the Port Isabel Detention Center ("PIDC") in Los Fresnos, Texas. *Id.* On February 3, 2026, an immigration judge denied Bandeev's asylum claim, issued a final

---

[1] Information obtained from Bandeev's § 2241 Petition. *See* Dkt. No. 1.

order of removal against him, and granted a withholding of removal to Russia.  *Id.* Bandeev remains in immigration custody at PIDC.  *Id.* at 13.

On April 21, 2026, Bandeev filed his § 2241 Petition in the Houston Division of the Court.  Dkt. No. 1, *see generally* Dkt. No. 4.  On April 27, 2026, Bandeev's case was transferred from the Houston Division  to the Brownsville Division of the Court.  Dkt. No. 4 at 2.

## II.    LEGAL STANDARDS

### A.    Federal Subject Matter Jurisdiction: *Standing and Ripeness*

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute[.]"  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Federal courts presume that any given case lies outside this limited jurisdiction, and the party seeking to invoke jurisdiction has the burden of showing otherwise.  *Kokkonen*, 511 U.S. at 377; *Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986).  Accordingly, federal courts have an independent obligation to examine their own subject matter jurisdiction, even sua sponte.  *Rivero v. Fid. Invs., Inc.*, 1 F.4th 340, 344 (5th Cir. 2021), *cert. denied*, 142 S.Ct. 1670 (2022) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)).

The United States Constitution limits federal jurisdiction to the resolution of "cases" and "controversies."  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559 (1992); U.S. Const. art. III, § 2, cl. 1.  Standing is an "essential and unchanging part" of the Constitution's case-or-controversy requirement.  *Lujan*, 504 U.S. at 559.  Standing requires, in part, an "actual or imminent" injury, i.e., one that is "ripe for decision."  *Id*. at 560; *Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002), *cert. denied sub nom. Schuehle*

*v. Norton*, 537 U.S. 1071 (2002).  For a claim to be ripe, it must have "matured sufficiently to warrant judicial intervention."  *Contender Farms, L.L.P. v. U.S. Dep't of Agric.*, 779 F.3d 258, 267 (5th Cir. 2015) (internal quotations omitted).  A premature claim for relief is not judicially ripe and falls outside the federal courts' limited jurisdiction.  *Shields*, 289 F.3d at 835; *see also Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005) (per curiam) (noting that standing and ripeness are "essential components of federal subject-matter jurisdiction.").

Without subject matter jurisdiction, federal courts have no authority to adjudicate a case and must dismiss it.  *Goodrich v. United States*, 3 F.4th 776, 779 (5th Cir. 2021); Fed. R. Civ. P. 12(h)(3).  Dismissal for lack of subject matter jurisdiction is without prejudice.  *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021).

**B.    *Zadvydas v. Davis***

Immigration judges are authorized to issue orders of removal, which become final once the Board of Immigration Appeals ("BIA") has acted or the time to seek review of a removal order expires.  *See generally* 8 C.F.R. § 1241.1; *Texas v. United States*, 524 F. Supp. 3d 598, 614 (S.D. Tex. 2021) (Tipton, J.).  Generally, the Government has 90 days to execute a final removal order and remove the unauthorized immigrant from the United States.  8 U.S.C. § 1231(a)(1)(A).

Though § 2241 proceedings "remain available as a forum for statutory and constitutional challenges to post-removal-period detention," the detainee's ability to seek habeas relief is subject to certain time constraints.  *Zadvydas*, 533 U.S. at 688.  When the Government fails to execute a removal order within the 90-day period, post-removal detention must be limited to a period "reasonably necessary" to effectuate removal; indefinite detention is impermissible.  *Id.* at 689.

This does not mean that any amount of post-removal-period of confinement is unlawful; rather, the Government's obligation to rebut a presumption of indefinite detention does not activate until after detention has been ongoing longer than six months, and only after the immigrant detainee first makes a showing that "there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701. Up to six months of immigration detention after entry of a final removal order is, therefore, "presumptively reasonable." *Id.*; *Chance v. Napolitano*, 453 F. App'x 535, 536 (5th Cir. 2011) (per curiam).

In arriving at the six-month presumption, the United States Supreme Court acknowledged the sensitive interplay of separation of powers concerns and national interests in the immigration context. *See Zadvydas*, 533 U.S. at 700. The six-month presumption, then, reflects a reasoned judgment that earlier review of post-removal-period detention poses too great a risk to institutional interests to properly warrant judicial scrutiny.

### III.    DISCUSSION

Bandeev alleges that his continued detention is indefinite and that the Government has "made no actual efforts to remove [Bandeev] to a specifically identified third country." Dkt. No. 1 at 17. However, as he admits in his § 2241 Petition, Bandeev's "removal order became administratively final on February 03, 2026." *Id.* Accordingly, Bandeev has been detained under a final order of removal for only four months and his § 2241 Petition [Dkt. No. 1] is unripe. 8 U.S.C. § 1231(a)(i)(B)(i) ("The removal period begins … [t]he date the order of removal becomes administratively final."); *Zadvydas*, 533 U.S. at 688 (stating

that the post-removal-period detention statute applies only after a noncitizen has been ordered removed).

As a result, judicial intervention at this stage is premature and, for the reasons explained in *Zadvydas*, would be imprudent considering the Executive branch's primary prerogative over the administration of immigrant removal. *See Zadvydas*, 533 U.S. at 700. The Court interprets Bandeev's remaining arguments as derivative of his claim that his detention is unreasonably prolonged and there is no significant likelihood of removal. Dkt. No. 1 at 14–17. Accordingly, Bandeev's claim is not ripe and is subject to dismissal for lack of subject matter jurisdiction.

## IV.    RECOMMENDATION

For the foregoing reasons, it is recommended that the Court: (1) **DISMISS WITHOUT PREJUDICE** Bandeev's § 2241 Petition [Dkt. No. 1]; and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

## V.    NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

**SIGNED** on this **11th** day of **June, 2026** at Brownsville, Texas.

_____

Ignacio Torteya, III
United States Magistrate Judge